IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GAYLAND SHERMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-01245-L-BT |
| | § | |
| DEPARTMENT OF THE NAVY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Department of the Navy's (the "Navy") Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (ECF No. 22) and Brief in Support (ECF No. 23), seeking dismissal of *pro se* Plaintiff Gayland Sherman's claims for failure to state a claim and lack of jurisdiction. For the reasons below, the District Judge should **GRANT** the motion and dismiss Sherman's claims without prejudice for lack of subject matter jurisdiction. In view of this recommendation, the Court need not reach Sherman's other pending motions—his Motion to Appoint Counsel (ECF No. 29) and Request for Mediation (ECF No. 30).

**Background**

Plaintiff Gayland Sherman, proceeding *pro se*, initiated this civil action under the Americans with Disabilities Act (ADA) seeking "legal assistance from the court and the Navy" and to "fix all records of discharge to correction." Compl. 1, 8

1

(ECF No. 3). Sherman's Complaint includes only one paragraph, and the allegations contain little factual content. However, he appears to be petitioning the Court to correct what he alleges is an error with the characterization of his discharge from the United States Navy. In his Response to the Navy's Motion to Dismiss, Sherman explains that "this is a suit for correction of discharge to upgrade as Honorable Discharge for Medical." Pl.'s Resp. 1 (ECF No. 25).

Sherman attaches a letter to his Complaint from the Department of the Navy's Board for Correction of Naval Records (the "BCNR"), in which the BCNR denied Sherman's March 2023 request for a correction of discharge. Compl. 3–4. The letter states that Sherman enlisted in Naval Service in July 2000, but was discharged shortly after due to an undiagnosed glaucoma condition. *See id.* Because of this disqualifying physical condition existing before enlistment, Sherman was discharged "for erroneous entry with an uncharacterized entry-level separation." *Id.* at 3. As the Navy explains in its brief, Sherman was administratively separated from service and his discharge was not characterized as "honorable," "other than honorable," or something else. Def.'s Br. 9. According to the letter, in the past fourteen years, the BCNR has denied eight other requests from Sherman to upgrade his discharge status to an honorable discharge. *Id.* at 3–4.

Sherman filed a Motion to Appoint Counsel (ECF No. 15), which the Court denied in September 2023. Order (ECF No. 21). Shortly after, the Navy filed a Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction, or in the

alternative, for a More Definite Statement (ECF No. 22) and Brief in Support (ECF No. 23). Sherman filed an untimely Response (ECF No. 25), and the Navy filed a Reply (ECF No. 26). Sherman also filed a second Motion to Appoint Counsel (ECF No. 29) and a Request for Mediation (ECF No. 30), to which the Navy responded (ECF Nos. 31 & 32), but Sherman filed no reply. The deadline for Sherman's reply has now passed, and the Court considers all Motions fully briefed.

## Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A declaration of sovereign immunity precludes cases against the United States and its agencies from proper jurisdiction, except for claims where sovereign immunity is clearly waived by the United States. *Hercules Inc., v. United States*, 516 U.S. 417, 422 (1996). Claims barred by the invocation of sovereign immunity "can be dismissed

3

only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. Here, the Navy filed the Motion to Dismiss unaccompanied by exhibits or appendices, thus making a "facial" attack on the Court's subject matter jurisdiction.

4

## Analysis

The Navy primarily argues that the Court lacks subject matter jurisdiction over Sherman's claims, whether the claims are construed as being brought under the ADA, the Administrative Procedure Act (APA), as a challenge to the BCNR's denials of his request for relief, or otherwise. Def.'s Br. 13–22. Even if there were no jurisdictional barriers, the Navy argues, Sherman fails to state a claim for relief. *Id.* at 23–25. The District Judge should conclude that the Court lacks subject matter jurisdiction over Sherman's claim and dismiss the case. The District Judge should not reach the question of whether Sherman states a claim under Fed. R. Civ. P. 12(b)(6) or the merits of his other pending motions.

The Court construes Sherman's claims as being brought under the ADA, which does not apply to the federal government. On his civil cover sheet, Sherman checked the "ADA" box in the "Nature of Suit" section, *see* Compl. 8, and his Complaint alludes to a medical condition that prevented him from working in the Navy and resulted in his discharge—or termination—from service. The Court previously applied the ADA's applicable standard to Sherman's Motion to Appoint Counsel. *See* Order.

The ADA, by its plain terms, does not include the federal government in its definition of "employer." 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include the United States [or] a corporation wholly owned by the government of the United States"). The Department of the Navy is a federal agency under the United States Code. *See* 5 U.S.C. § 102. Considering this plain language, courts

5

within the Fifth Circuit have dismissed ADA cases against federal government agencies—including the branches of the military—for lack of subject matter jurisdiction. *See Smith v. Potter*, 400 F. App'x 806, 812 (5th Cir. 2010) ("[W]e agree with the district court that no claim against the USPS is permitted under the ADA"); *Ezell v. Dep't of the Army*, 2017 WL 2671091, at *3 (W.D. Tex. June 20, 2017) (dismissing the plaintiff's ADA claim against the Army for lack of subject matter jurisdiction).

Sherman has not carried his burden to show that subject matter jurisdiction is proper here despite the clear language in the statute exempting the federal government from the ADA's requirements. *See* Pl.'s Resp. 1–2. Nor has Sherman shown that the United States has waived sovereign immunity for claims brought under the ADA. *See Ezell*, 2017 WL 2671091, at *3. On the record before it, the District Judge should therefore conclude that it has no power with which to exercise jurisdiction over Sherman's ADA claims against the Navy, and dismiss Sherman's case without prejudice pursuant to Rule 12(b)(1). *See Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N.A., Inc.*, 544 F. App'x 455, 456–57 (5th Cir. 2013) (requiring dismissal without prejudice under Rule 12(b)(1)).

## Leave to Amend

In his Response in opposition to the Navy's Motion to Dismiss, Sherman states that he "wants to amend the complaint to cure any deficiencies." Pl.'s Resp. 1. Generally, "the court should freely give leave [to amend] when justice so requires," but granting leave to amend is not required "if the plaintiff has already

6

pleaded his best case." Fed. R. Civ. P. 15(a)(2); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). If amendment would be futile—*i.e.*, the amended complaint would fail to state a claim upon which relief could be granted—it is within a court's discretion to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000).

Here, amendment of Sherman's complaint would be futile. As discussed above, there is no subject matter jurisdiction over Sherman's ADA claims. Def.'s Reply 6; *McGee v. Domestic Relations Office Admin.*, 2024 WL1592699, at *5 (N.D. Tex. Feb. 29, 2024), *adopted by* 2024 WL 1886546 (N.D. Tex. April 30, 2024) ("[L]eave to amend is unwarranted if it would be futile because of a lack of subject matter jurisdiction"). Similarly, if Sherman were to replead his claim as a challenge to a decision by the U.S. Court of Appeals for Veterans Claims, the Court would lack jurisdiction to hear the case. *See* Compl. 2 (attaching a 2010 order from the U.S. Court of Appeals for Veterans Claims remanding Sherman's claim to the Board of Veterans' Appeals). If a veteran disagrees with a benefits determination by the Veterans Administration (VA), the Veterans Judicial Review Act of 1988, 38 U.S.C. § 511, provides that he can appeal that determination to the Board of Veterans' Appeals. *See King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 414 (5th Cir. 2013). "Jurisdiction to review the Board's decisions is conferred *exclusively*" on the U.S. Court of Appeals for Veterans Claims. *Id.* (emphasis added) (quoting *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995)). And if the veteran disagrees with that court's decision, "[t]he United States Court of

Appeals for the Federal Circuit [has] *exclusive* jurisdiction" to review the Court of Appeals for Veterans Claims decisions. *Id.* (emphasis added). Indeed, courts in this district have dismissed claims for lack of subject matter jurisdiction that challenge a decision of the Board of Veterans Appeals or the U.S. Court of Appeals for Veterans Claims. *See, e.g., Jones v. U.S. Ct. of Appeals for Veterans Claims*, 2001 WL 1669389, at *1 (N.D. Tex. Dec. 27, 2001) (Lindsay, J); *Bell v. Veterans Admin.*, 946 F. Supp. 479, 480 (N.D. Tex. 1996).

Even if Sherman pleaded his claims anew as a challenge to the BCNR decision or a claim of a constitutional, statutory, or regulatory violation regarding his discharge, the claims would be time-barred and therefore futile. *See* Def.'s Br. 16–18; 19–20. Final decisions by boards for the correction of military records, like the BCNR, are subject to judicial review under the APA. But a plaintiff must bring his APA claim within six years after the right of action first accrues. 28 U.S.C. § 2401(a); *Dunn-McCampbell Royalty Int., Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997). The six-year statute of limitations for an APA challenge to an agency decision accrues on the date of the decision. *Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir. 1985). And when a plaintiff files multiple requests for the same relief with a board for correction of military records, the cause of action accrues on the date of the first denial for that relief. *See Lewis v. U.S. Army Review Bds. Agency*, 2006 WL 1788125, at *3 (W.D. Tex. June 26, 2006). Here, the BCNR denied Sherman's first request for relief on December 17, 2010. Compl. 3. Thus, his cause of action regarding the BCNR's decision accrued on that date, and the statute of

limitations to bring any such claim ran in December 2016. Yet, Sherman did not file suit until May 2023. Thus, any claim regarding the BCNR's decision to deny Sherman an upgrade to his discharge status is time-barred.

Finally, to the extent Sherman seeks declaratory or injunctive relief based on any allegation that his discharge violated the U.S. Constitution, a statute, or a service regulation, such a claim would also be time-barred. The statute of limitations in 28 U.S.C. § 2401(a) applies to a claim of constitutional violations and procedural irregularities in a military discharge. *See Geyen*, 775 F.2d at 1306–07. However, unlike with a challenge to a military record correction board's decision, the cause of action for a servicemember's challenge to the discharge itself accrues "upon his discharge." *Id*. at 1308. Sherman was discharged in October 2000. Compl. 3. Thus, any cause of action related to his discharge accrued at that time, and the statute of limitations would have run by October 2006.

Because amendment of Sherman's Complaint would be futile, the District Judge should deny Sherman's request to amend his complaint.

## Recommendation

The District Judge should GRANT the Navy's Motion to Dismiss and dismiss Sherman's claims without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED.**

June 3, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).