IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GAYLORD SHERMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-1245-L-BT** |
| | § | |
| **DEPARTMENT OF NAVY,** | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

On June 3, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 33) was entered, recommending that this court construe the claims asserted by pro se Plaintiff Gaylord Sherman ("Plaintiff") as those for relief under the Americans with Disabilities Act ("ADA"), grant Defendant's Motion to Dismiss (Doc. 22), and dismiss without prejudice Plaintiff's claims and this action for lack of subject matter jurisdiction because:

> Sherman has not carried his burden to show that subject matter jurisdiction is proper here despite the clear language in the statute exempting the federal government from the ADA's requirements. *See* Pl.'s Resp. 1-2. Nor has Sherman shown that the United States has waived sovereign immunity for claims brought under the ADA. *See Ezell* [*v. Department of the Army*, 2017 WL 2671091, at *3 (W.D. Tex. June 20, 2017) (dismissing the plaintiff's ADA claim against the Army for lack of subject matter jurisdiction).] On the record before it, the District Judge should therefore conclude that it has no power with which to exercise jurisdiction over Sherman's ADA claims against the Navy, and dismiss Sherman's case without prejudice pursuant to Rule 12(b)(1). *See Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N.A., Inc*., 544 F. App'x 455, 456-57 (5th Cir. 2013) (requiring dismissal without prejudice under Rule 12(b)(1)).

Report 6.

The Report further recommends that Plaintiff not be granted leave to amend because, although he indicated in response to the Motion to Dismiss that he wishes to amend, amendment

would be futile because: (1) even "if Sherman were to replead his claim as a challenge to a decision by the U.S. Court of Appeals for Veterans Claims, the Court would lack jurisdiction to hear the case"; (2) "[e]ven if Sherman pleaded his claims anew as a challenge to the BCNR decision or a claim of a constitutional, statutory, or regulatory violation regarding his discharge, the claims would be time-barred"; and (3) any request for declaratory or injunctive relief based on allegations that he was discharged in violation of the United States Constitution, a statute, or service regulation would be similarly time-barred. Report 6-9. No objections to the Report were filed by Plaintiff, and the deadline for filing objections has expired.

Having considered Defendant's Motion to Dismiss, briefs of the parties, the pleadings, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court, except to the extent indicated in the footnote below regarding amendment. Accordingly, the court **construes** Plaintiff's claims as those for relief under the ADA; **grants** Defendant's Motion to Dismiss (Doc. 22); and **dismisses without prejudice** all claims by Plaintiff and this action for lack of subject matter jurisdiction. Further, the court **denies** Plaintiff's request to amend his pleadings pursuant to Federal Rule of Civil Procedure 15(a),[*] as the court agrees with the magistrate judge that any attempt at amendment

---

[*] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings under Rule 15(a)(2), a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). Consideration of these factors weigh in favor of not allowing Plaintiff to amend his pleadings given the futility of any amendment. The court, however, expresses no opinion on whether any new claim Plaintiff might have brought in this action would be barred by the statute of limitations, as this is an affirmative defense that has yet to be raised by Defendant and could be waived if not raised. The court also notes that any such affirmative defense is not jurisdictional, and, therefore, would not have affected the court's exercise of subject matter jurisdiction over this action even if raised.

**Order – Page 2**

would be futile and, therefore, unnecessarily delay the resolution of this litigation. Further, the clerk of court **shall term** all pending motions in this action.

**It is so ordered** this 28th day of June, 2024.

Sam A. Lindsay
United States District Judge

Order – Page 3